UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| TERELLE EUGENE SHAW, | Case No. 15-CV-2530 (PJS/SER) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| STEVE HAMMER, Warden, | |
| Respondent. | |

This matter is before the undersigned United States Magistrate Judge on petitioner Terelle Eugene Shaw's petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254. *See* ECF No. 1. The petition has been referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. After a preliminary review of Shaw's habeas petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court recommends dismissal of Shaw's petition.

Shaw pleaded guilty in 1999 to one count of intentional second-degree murder. *See* Petition at 1 [ECF No. 1]. Pursuant to a plea agreement, the parties jointly recommended a sentence of a 396-month term of imprisonment, an upward departure from the Minnesota Sentencing Guidelines sentencing range. *See id.*; ECF No. 1-1 at 2. (In return for Shaw's acquiescence to the upward departure, the government agreed not to pursue first-degree murder charges. *See* ECF No. 1-1 at 2.) Shaw did not appeal either the conviction or sentence.

In 2002, Shaw filed a motion for post-conviction relief in Minnesota state court under Minn. Stat. § 590.01. *Id.* Shaw argued in that motion that the trial court incorrectly calculated his criminal-history rating under the Minnesota Sentencing Guidelines and that his defense counsel had provided ineffective assistance during the original proceedings. *Id.* The trial court

denied Shaw's motion for post-conviction relief, and his appeal of that denial was untimely and the Minnesota Court of Appeals dismissed it. *Id.*

Around the time that Shaw's motion for post-conviction relief was pending, the Minnesota Supreme Court held that "negotiated plea agreements that include a sentencing departure are justified under the guidelines in cases where substantial and compelling circumstances exist.  A plea agreement standing alone, however, does not create such circumstances in its own right." *State v. Misquadace*, 644 N.W.2d 65, 71 (Minn. 2002).  Shaw's 396-month term of imprisonment amounted to an upward departure from the Minnesota Sentencing Guidelines; the trial court relied upon the plea agreement in imposing that sentence.

Eleven years after *Misquadace* was decided, Shaw filed a motion for relief in state court under Minnesota Rule of Criminal Procedure 27.03, subd. 9,[1] arguing his sentence was imposed in violation of the new rule established by *Misquadace*.  The trial court denied that claim, finding that *Misquadace* did not apply retroactively to cases on collateral review.  *See* ECF No. 1-1 at 3-4.  The Minnesota Court of Appeals affirmed that the trial court had been correct in finding that *Misquadace* was not retroactive, but it also determined that Shaw's motion under Rule 27.03 should have been interpreted as a second motion for post-conviction relief under § 590.01 and dismissed as time-barred.  *See Shaw v. State*, No. A14-0745, 2014 WL 7344306 (Minn. Ct. App. Dec. 29, 2014).  The Minnesota Supreme Court declined review.

Shaw's only substantive claim for relief in his federal habeas petition is based on *Misquadace*.  *See* Petition at 5.  (Shaw also argues that his motion under Rule 27.03 should not have been interpreted by the Minnesota Court of Appeals as a motion for post-conviction relief under § 590.01 and deemed time-barred, but this is not *itself* a basis for relief from the conviction

---

[1]Rule 27.03, subd. 9 provides that "[t]he court may at any time correct a sentence not authorized by law."

or sentence.)  An in-depth analysis of the merits of Shaw's claim is unnecessary, though, because

Shaw's petition is plainly barred by the relevant federal statute of limitations.  Under 28 U.S.C.

§ 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Two of those provisions are inapplicable here.  First, Shaw does not claim that any action

by the State of Minnesota has ever created an impediment to his seeking habeas relief in federal

court.   Second, Shaw's claim is not premised upon any newly discovered factual predicate.

Accordingly, neither § 2244(d)(1)(B) nor § 2244(d)(1)(D) applies in this case.

Nor, for that matter, does § 2244(d)(1)(C).   Although Shaw relies upon *Misquadace*,

there are several reasons why the new rule announced that decision could not have "reset" the

one-year limitations period.   First, *Misquadace* did not recognize a new federal constitutional

right; instead, it was based on an interpretation of Minn. Stat. § 244.09 and the legislative history

of that statutory provision and the Minnesota Sentencing Guidelines.[2]  Second, the *Misquadace* court explicitly limited the application of that decision to pending and future cases.  *See Misquadace*, 644 N.W.2d at 72; *accord Hutchinson v. State*, 679 N.W.2d 160, 161-65 (Minn. 2004).  Thus, Shaw is not relying on a new rule "made retroactively applicable to cases on collateral review," as is required for § 2244(d)(1)(C) to apply.  Finally, the new rule announced in *Misquadace* was announced by the *Minnesota* Supreme Court, not the *United States* Supreme Court.[3]

This leaves § 2244(d)(1)(A) as establishing the limitations period for Shaw to file his habeas petition.  Under § 2244(d)(1)(A), Shaw was required to file his habeas petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ."  Shaw was sentenced on June 16, 1999, and the judgment was entered in his case on or around that date.  *See* ECF No. 1-1 at 2.  Because Shaw did not appeal his conviction or sentence, that judgment became final 90 days thereafter (on or about September 14, 1999).  Shaw did not file his habeas petition until May 2015.  Too late by over 15 years.

Because it is clear on the face of Shaw's habeas petition and the relevant state-court records that Shaw's petition is barred by the statute of limitations, this Court recommends that

---

[2]Apart from the operation of the statute of limitations, this is reason enough to recommend denial of Shaw's habeas petition.  The Supreme Court has 'stated many times that "federal habeas corpus relief does not lie for errors of state law.'"  *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)).  Shaw's claim is based entirely upon a putative error of Minnesota law; never does Shaw suggest how the imposition of an upward departure at sentencing due to the operation of a validly entered plea agreement violates his federal constitutional rights.

[3]In any event, even if § 2244(d)(1)(C) applied due to the new rule announced by *Misquadace*, Shaw's petition would still be too late by over a decade.  *Misquadace* was decided in 2002; Shaw did not file his petition for habeas relief until 2015.

the petition be denied.  Only one matter merits further comment:  A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA").  *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In this case, it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat Shaw's current habeas corpus petition differently.  Shaw has not identified, and this Court cannot discern, anything novel, noteworthy or worrisome about this case that warrants appellate review.  It is therefore recommended that Shaw should not be granted a COA in this matter.

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1.    Petitioner Terelle Eugene Shaw's petition for a writ of habeas corpus [ECF No. 1] be DENIED.

2.    This action be DISMISSED.

3.    Shaw's application to proceed *in forma pauperis* [ECF No. 2] be DENIED AS MOOT.

4.    No certificate of appealability be granted.

Dated:  May 28, 2015                                          s/Steven E Rau
                                                             Steven E. Rau
                                                             U.S. Magistrate Judge

**<u>NOTICE</u>**

      **Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

      Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.